STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SAMANTHA BENNETT (NYBN 5132063)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    samantha.bennett@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>     v. <br> SCOTT LONG, <br>     Defendant. | NO. CR 21-0031 JSW <br><br> **GOVERNMENT'S SENTENCING MEMORANDUM** <br><br> Sentencing date: June 29, 2021 <br> Sentencing time: 10:30 a.m. |

## I.    INTRODUCTION

On June 29, 2021, pursuant to a written plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant, Scott Long, will plead guilty to Count One of the felony Information, charging him with Accessing Child Pornography with the Intent to View, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). The Plea Agreement, should the Court choose to accept it, provides for an agreed upon sentence of 24 months custody to be followed an eight-year term of supervised release. This sentence amounts to a six-month variance below the low-end of the Sentencing Guidelines range for total offense level 19 and the applicable criminal history category (I), which is 30 months.

GOVERNMENT'S SENTENCING MEMORANDUM
CR 21-0031 JSW

1

Considering the defendant's criminal conduct, his history and characteristics, as well as his extraordinary acceptance of responsibility in this matter, the government respectfully requests that the Court accept the proposed plea agreement and sentence the defendant to 24 months in custody, to be followed by an eight-year period of supervised release and conditions to be set by the Court. It is the government's view that this sentence is sufficient, but not greater than necessary, to achieve the sentencing goals of 18 U.S.C. § 3553(a).

**II.     OFFENSE CONDUCT**

The defendant is pleading guilty to one count of Accessing Child Pornography with Intent to View. The defendant was identified by law enforcement, and a federal search warrant was executed at the defendant's home in Oakland, California, on November 20, 2020. Pre-Sentence Report (PSR), ¶ 12. FBI agents reviewed the defendant's computer history pursuant to the search warrant and found that the defendant had visited at least two domains using the Tor browser, which purports to anonymize the sites visited by the computer user. PSR ¶¶ 6, 14. The website titles – which included the domain names, as well as the name of the video on each individual webpage – were visible in the defendant's browsing history. *Id*. The two domains visited by the defendant were dedicated to the viewing and exchange of child sexual abuse material (CSAM), and appear to have had multiple videos available on the domains for viewing.[1] PSR ¶¶ 14-15. Between December 17, 2019, and continuing through at least June 25, 2020, the defendant appears to have visited one of the domains – which was accessible only to those users with usernames and passwords – at least 66 times, and the other domain at least 92 times.[2] PSR ¶ 15. During the forensic review of the defendant's computer, FBI agents also located one CSAM image stored on the computer. PSR ¶ 14.

**III.    SENTENCING GUIDELINES CALCULATION**

Based on the defendant's conduct and the types of images advertised on the visited domains, the

---

[1] To preserve the progress of ongoing criminal investigations and to avoid publicizing the names of these domains which traffick in CSAM, the government will refer to these domains only as "the domains." The names of the domains are included in the PSR.

[2] As described in greater detail in the PSR, while the defendant's computer showed evidence of accessing these domains between December 2019 and June 2020, FBI agents learned during the course of their investigation that the defendant had been accessing similar domains – domains dedicated to the exchange and viewing of CSAM – since at least April 2019.

GOVERNMENT'S SENTENCING MEMORANDUM
CR 21-0031 JSW

2

parties and Probation Officer agree that the Guidelines offense level should be calculated as follows:

  a. <u>Base Offense Level</u>:            18
    (U.S.S.G. § 2G2.2(a)(1))
  b. <u>Specific offense characteristics</u>:

    (U.S.S.G. § 2G2.2(b)(2))         + 2
    (Prepubescent minor)

    (U.S.S.G. § 2G2.2(b)(6))         + 2
    (Use of a computer)

  c. <u>Acceptance of Responsibility</u>        - 3

  d. <u>Adjusted Offense Level</u>:          19

  The sentencing range for a Guidelines offense level of 19, and Criminal History Category I, is 30-37 months.

**IV. SENTENCING RECOMMENDATION**

  Section 3553(a) directs courts to consider a number of factors in determining an appropriate sentence. The key factors for the Court to consider here are the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the need to afford adequate deterrence to criminal conduct, *id.* § 3553(a)(2)(B), and the need to protect the public from further crimes of the defendant, *id.* § 3553(a)(2)(C). The Court can also consider the need to avoid unwarranted sentencing disparities between defendants convicted of similar conduct. 18 U.S.C. § 3553(a)(6). In this case, these factors indicate that a sentence of 24 months' imprisonment, followed by an eight-year term of supervised release, is sufficient, but not greater than necessary, to achieve the goals of sentencing. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).[3]

  The defendant's conduct was serious and troubling. Over the course of at least 14 months, the defendant visited domains dedicated to the viewing and exchange of CSAM. The defendant accessed sites displaying images of CSAM depicting the sexual abuse of prepubescent minors. He hid his behavior from his family and attempted to hide his internet activity from law enforcement by using the Tor browser to conceal his web history. This conduct is particularly troubling given the defendant's previous employment as an educator, in which position he worked with children not much younger than

---

[3] There are no identified victims who have made a restitution request in this matter.

GOVERNMENT'S SENTENCING MEMORANDUM
CR 21-0031 JSW

3

those depicted in the images he accessed.  The government does not have evidence that the defendant produced any images, or that he even collected images, but in repeatedly accessing these domains, he contributed to the demand for CSAM and the perpetuation of abuse and exploitation of children to feed the market for CSAM.

With this in mind, however, the government believes that a six-month variance is appropriate here.  The defendant has demonstrated an extraordinary acceptance of responsibility: shortly after the search warrant was executed at his home, he enlisted the assistance of counsel and through counsel, expressed an interest in rapidly resolving this matter.  He agreed to be charged by felony Information within two months of the search warrant, forgoing both a criminal complaint and his right to indictment.  In doing so, the defendant saved substantial investigative resources.  He also promptly resigned from his job, thereby mitigating the danger he posed to the community by removing himself from his position with access to children.  Moreover, the defendant has agreed to surrender for a two-year term of custody – a substantial sentence, given that he has never served a day in custody – and then to be monitored by a Probation Officer on supervised release for eight years.  The defendant will thus be either incarcerated or under court and Probation Officer supervision for a total of ten years, and the dangers he has posed to the community should be able to be mitigated through rehabilitation both while in custody and during his slow and supervised reentry into society.

For these reasons, the government respectfully requests that the Court accept the parties' proposed plea agreement and sentence the defendant to a 24-month term of custody.

V. **CONDITIONS OF SUPERVISED RELEASE**

The parties agree that an eight-year term of supervised release, with conditions to be set by the Court, is appropriate here.  This Court has the "discretion to order special conditions of supervised release pursuant to 18 U.S.C. § 3583(d) if the conditions are reasonably related to the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003).  Such "conditions are permissible if they are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender, and 'involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release.'" *Id.*  Here, the conditions proposed by the U.S. Probation Office

in the PSR are both permissible and appropriate as applied to the defendant in this matter. The government addresses specific conditions below.

First, computer monitoring and internet restrictions (proposed Special Conditions 6 and 7) are wholly appropriate here. Not only did the defendant frequent websites dedicated to the viewing and exchange of CSAM, but he went to great lengths to conceal his conduct from his family or anyone who might share his computer. He did so at night, while his family was asleep, and using the Tor browser, in order to hide the types of sites that he was visiting. PSR ¶¶ 11, 14. Internet access only with the Probation Officer's prior approval, and Probation's monitoring of any approved electronic devices, will ensure that the defendant is neither able to continue viewing or trafficking in CSAM, nor can he conceal his activities from those tasked with monitoring him.

In *Rearden*, the sentencing court "prohibited [defendant]'s possession or use of a computer with access to any online service at any location without prior approval of the probation officer." *Rearden*, 349 F.3d at 620. While the Ninth Circuit "recognize[d] the importance of the Internet for information and communication," it "disagree[d] that the condition [was] plainly impermissible" because it left "open the possibility of appropriate access." *Id.* Specifically, the Ninth Circuit concluded that "[t]he condition does not plainly involve a greater deprivation of liberty than is reasonably necessary for the purpose because it is not absolute; rather, it allows for approval of appropriate online access by the Probation Office." *Id.* at 621; *see also United States v. Beeman*, 280 F. App'x 616, 619 (9th Cir. 2008) (unpublished) ("These restrictions also do not involve an unreasonable deprivation of Beeman's liberty because he may use computers and access the Internet with the permission of the Probation Office."); *United States v. Antelope*, 395 F.3d 1128, 1142 (9th Cir. 2005). The proposed Special Condition 7 does restrict the defendant's ability to access the internet, but it is similarly not a blanket restriction (allowing for access for approved uses at the Probation Officer's discretion), and thus this Court can and should impose it to protect the public from the defendant.

Special Condition 8 – authorization for the Probation Officer to conduct unannounced downloads and examinations of approved electronic devices – is consistent with the expanded search clause agreed to by the defendant as part of the proposed plea agreement, in order to ensure that the defendant is

GOVERNMENT'S SENTENCING MEMORANDUM
CR 21-0031 JSW

unable to continue trafficking in CSAM undetected. Special Condition 9, similarly, will allow the Probation Officer to ensure that the defendant has not downloaded programs that would prevent the Probation Officer from fulsomely monitoring the defendant's Internet activities and ensuring the danger he may pose to the community is mitigated.

Because the defendant's offense involves accessing CSAM, including images depicting the sexual exploitation of prepubescent minors, restriction of his access to online pornography "further[s] the goals of rehabilitating him and protecting the public" from his behavior. *Reardon*, 349 F.3d at 620. Furthermore, given the defendant's claim that he was addicted to pornography (that he "traded one addiction for another," PSR ¶ 19), and this resulted in his commission of the instant offense, a prohibition against adult pornography is appropriate here as well (Special Condition 11). *See United States v. Gnirke*, 775 F.3d 1155, 1166 (9th Cir. 2015).

### VI. CONCLUSION

In full consideration of the defendant's history and characteristics, the nature and circumstances of the offense, together with the goals of sentencing, the government respectfully requests that the Court sentence the defendant to a term of 24 months' imprisonment, followed by eight years of supervised release with the conditions proposed by the Probation Officer, and payment of a $100 special assessment.

Respectfully submitted,

Dated: June 22, 2021    STEPHANIE M. HINDS
Acting United States Attorney

_____/s/_____
SAMANTHA BENNETT
Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM
CR 21-0031 JSW