UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CRIMINAL MINUTE ORDER

Date: June 29, 2021                                             Time in Court: 55 minutes

Judge: Jeffrey S. White

Case No.: 21-cr-00031-01 JSW
United States of America   v.  Scott Long, Defendant, present (X)  in custody ( )

      Abraham Fine for Samantha Schott      Joyce Leavitt
      U.S. Attorney      Defense Counsel

Deputy Clerk: Jennifer Ottolini      Court Reporter: Diane Skillman
USPO: Kyle Pollock

PROCEEDINGS

REASON FOR HEARING: Plea and Sentence

RESULT OF HEARING:

The Defendant is sworn.  The Court voir dired the Defendant re: Change of Plea

The Defendant pled guilty to Count 1 of the Information in violation of 18 USC § 2252(a)(4)(B) and (b)(2) – Accessing Child Pornography With Intent To View.

The Court accepted the plea of guilty. The Plea Agreement is ordered filed and the Defendant is sentenced as follows:

The Defendant is committed to the Bureau of Prisons for a term of 24 months followed by 8 years of Supervised Release.  Obey all laws and the standard conditions of release and the following additional conditions:

1. You must pay any special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release;

2. You must undergo an assessment for mental health treatment services. If services are deemed appropriate, then you must pay for part or all the cost of treatment, as directed by the probation officer. You must adhere to a co-payment schedule as determined by the probation officer. Payments must never exceed the total cost of mental health counseling. The actual co-payment schedule must be determined by the probation officer;

3. You must cooperate in the collection of DNA, as directed by the probation officer;

4. Submit to Search and Seizure;

US v. Scott Long
21-cr-0031 JSW
June 29, 2021

5. You must enroll in the Computer Internet Monitoring Program (CIMP) and abide by the requirements of the CIMP Participation Agreement [now called the CIMP Participant Agreement and Acceptable Use Contract]. You may not use or possess any computer that is not subject to the CIMP without prior permission of the probation officer. For purposes of these conditions of supervised release and your participation in CIMP, "computer" means any electronic device capable of accessing or storing images or video;

6. As directed by the probation officer, you must warn your employer of any restrictions on your computer use;

7. You must consent to the probation officer conducting periodic unannounced examinations of your computer equipment which may include retrieval and copying of all data from your computer(s) and any peripheral device to ensure compliance with this condition, and/or removal of any such equipment for the purpose of conducting more thorough inspection. You must also consent to the installation of any hardware or software as directed by the probation officer to monitor your Internet use;

8. You must not possess or use any data encryption technique or program;

9. You must not possess, in any form, materials depicting child pornography, child erotica, or nude or sexual depictions of any child; or any materials described at 18 U.S.C. § 2256(8);

10. You must not access, via the Internet or otherwise, any pornography or other materials depicting sexually explicit conduct as defined at 18 U.S.C. § 2256(2), without the prior approval of the probation officer;

11. You must not frequent or loiter within 100 feet of any location where children are likely to gather or have contact with any child under the age of 18 unless otherwise approved by the probation officer. Children are likely to gather in locations including, but not limited to, playgrounds, theme parks, public swimming pools, schools, arcades, children's museums or other specific locations as designated by the probation officer. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom you must deal in order to obtain ordinary and usual commercial services;

12. Your employment must be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. You must submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change;

13. Your residence must be approved by the probation officer, and any change in residence must be pre-approved by the Probation Officer. You must submit the address of any proposed residence to the Probation Officer at least 10 days prior to any scheduled change;

14. You must register with the state sex offender registration agency as required by state law. You must provide proof of registration to the Probation Officer within three days of release from imprisonment/placement on supervision. In any state that has adopted the requirements of the Sex Offender Registration and Notification Act (42 USC sec. 16901 et seq.), you must also comply with all

US v. Scott Long
21-cr-0031 JSW
June 29, 2021

such requirements as directed by the Probation Officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, are a student, or were convicted of a qualifying offense;

15. You must participate in sex offender-specific treatment, as directed by the probation officer. You are to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. The actual copayment schedule must be determined by the probation officer. The probation officer may release all previous mental health evaluations to the treatment provider;

16. As part of the treatment program, you must submit to polygraph testing as recommended by the treatment provider. However, you retain your Fifth Amendment right to refuse to answer questions asked during the course of treatment absent a grant of use and derivative use immunity;

17. As part of the treatment program, you must submit to psychological testing as recommended by the treatment provider;

18. You must participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until such time as you are released from treatment by the probation officer. You are to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments must never exceed the total cost of urinalysis and counseling. The actual co-payment schedule must be determined by the probation officer;

19. You must abstain from the use of all alcoholic beverages.

It is further ordered that the defendant shall pay to the United States a special assessment of $100 and a special assessment of $5,000 under the Justice for Victims of Trafficking Act of 2015.

Fine waived.

**Forfeiture:** The defendant's interest in the following property shall be forfeited to the United States:
a. Apple iMac, seized on November 20, 2020.

The parties shall submit a Joint Status Report to update the Court re: restitution and if hearing is required by no later than 8-31-21.  Defendant waives his right to be present at any restitution hearing.

**Matter continued to 9-7-21 at 9:00 am for Restitution Status Hearing**